**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jayce Bryant, | No. CV-19-01552-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Tristate Logistics of Arizona LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants Tristate Logistics of Nevada, LLC, C&A Holdings, LLC, and The Bon Air Trust's Motion to Dismiss, (Doc. 18, "Mot."). Plaintiff Jayce Bryant responded, (Doc. 22, "Resp."), and Defendants replied, (Doc. 23, "Reply"). Defendants move to dismiss Plaintiff's Complaint against them[1] with prejudice under Federal Rule of Civil Procedure 12(b)(6). (Mot. at 1.) The Court has considered the pleadings and issues the following Order.[2]

**BACKGROUND[3]**

Plaintiff Jayce Bryant "brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act [("FLSA")]." (Doc. 1, "Compl." ¶ 2.) While employed full-time by Defendants between March 2016 and July

---

[1] As noted by the moving Defendants, the other defendants: (1) Tristate Logistics of Arizona, LLC; (2) Tristate Logistics, LLC; and (3) Carlos Jorge, are not parties to this Motion. (Doc. 18 at 1 n.1; Doc. 23 at 1 n.1.)
[2] Defendants requested oral argument, but the Court finds that the issues presented in the Motion can be appropriately resolved without hearing. *See* LRCiv 7.2(f).
[3] The Court accepts the Complaint's well-plead allegations as true for purposes here.

2016,[4] (*id.* ¶ 14), "[Plaintiff] was paid approximately $96 per day, regardless of the number of hours he worked for Defendants," "to perform automobile parts delivery-related duties, which generally consisted of . . . transporting and delivering automobile parts," (*id.* ¶¶ 15-16). In other words, although Plaintiff "worked approximately between forty-eight (48) and sixty (60) hours per week," (*id.* ¶ 73), he "was never paid any overtime premium whatsoever for time spent working in excess of 40 hours per week," (*id.* ¶ 78), but instead "paid on a daily, flat rate basis," (*id.* ¶ 79).

Because he was not paid at least one and one-half times the regular rate at which he was employed for hours in excess of 40 hours per work week, Plaintiff claims Defendants violated the FLSA. (*Id.* ¶¶ 128-135.) More specifically, his Complaint alleges one count under section 207 of the FLSA against (1) Tristate Logistics of Arizona, LLC; (2) Tristate Logistics, LLC; (3) Carlos Jorge and Jane Doe Jorge; (4) Tristate Logistics of Nevada, LLC; (5) C&A Holdings, LLC; and (6) The Bon Air Trust. (*Id.*) The latter three Defendants now move under Rule 12(b)(6) to dismiss the Complaint in its entirety against them. (Mot. at 1.)

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its

---

[4] The Complaint alleges Plaintiff worked as a "courier/warehouse worker," which consisted of "work . . . akin to a specialty job on the production line," beginning around April 1, 2016. (Compl. ¶¶ 61, 69.)

- 2 -

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## **DISCUSSION**

As a preliminary matter, Defendants do not dispute whether the Complaint sets forth allegations showing that the FLSA applies to Plaintiff.[5] Instead, at issue is whether the Complaint adequately alleges Defendants, but not all defendants, were Plaintiff's "employers," as required by the FLSA. (Mot. at 2, 5-8; Reply at 2-7.)

### **I. "Employer" Liability Under the FLSA**

The FLSA only imposes liability on "employers." *Bonnette v. Cal. Health and Welfare Agency*, 704 F.2d 1465, 1468 (9th Cir. 1983), *disapproved on other grounds by*, *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985). As the statutory definition provides, an "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. §203(d). The term "is not limited by the common law concept of 'employer,' and is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Bonnette*, 704 F.2d at 1469 (citation omitted). Notably, "an employer-employee relationship . . . does not depend on 'isolated factors but rather upon the circumstances of the whole activity.'"

---

[5] Specifically, they do not contest whether Plaintiff is an employee allegedly "engaged in commerce or in the production of goods for commerce, or . . . employed in an *enterprise* engaged in commerce." 29 U.S.C. § 207(a)(1) (emphasis added). This analysis is apart from whether Defendants are Plaintiff's "employers" under the FLSA. *See Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917 (9th Cir. 2003) ("Whether two companies constitute a single enterprise for FLSA coverage and whether they are liable as joint employers under § 207 are technically separate issues.").

*Bonnette*, 704 F.2d at 1469 (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). "The touchstone is economic reality." *Bonnette*, 704 F.2d at 1469 (internal quotation marks and citation omitted). As a guide in making this determination, the Ninth Circuit looks to four factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 1470. "[T]his is not a mechanical determination, . . . and it will not be applied blindly." *Id.* Rather, "[t]he ultimate determination must be based 'upon the circumstances of the whole activity.'" *Id.* (quoting *Rutherford*, 331 U.S. at 730).

The Complaint generally alleges Plaintiff was an employee of "Defendants" and "Defendants were and continue to be 'employers' as defined by FLSA." (Compl. ¶¶ 47, 48.) It also alleges that "Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff." (*Id.* ¶ 56.) In explaining these employer-employee relationships, the Complaint alleges (1) "Defendants . . . directed and exercised control over Plaintiff's . . . work and wages at all relevant times," (*id.* ¶¶ 49, 102); (2) "Defendants controlled [Plaintiff's] schedule," (*id.* ¶ 67); (3) "Defendants had the right to hire and fire . . . Plaintiff," (*id.* ¶ 69.b.); (4) "Plaintiff . . . used Defendants' equipment and wore company uniforms," (*id.* ¶ 66); and (5) "Plaintiff . . . [was] subject to Tristate Logistics' supervisory and disciplinary authority . . . and required to follow rules guidelines set by Tristate Logistics; and [was] trained by Defendants with regard to policy and procedure," (*id.* ¶ 62).

As it specifically relates to Tristate Logistics of Nevada, LLC, C&A Holdings, LLC, and The Bon Air Trust, the Complaint alleges "[each] is an employer," (*id.* ¶¶ 27, 35, 39), and "[each] was at all relevant times Plaintiff's . . . Employer as defined by 29 U.S.C. § 203(d)," (*id.* ¶¶ 25, 33, 37). It further alleges "[Tristate Logistics of Nevada, LLC and C&A Holdings, LLC] had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's . . .

employment with Defendants." (*Id.* ¶¶ 28, 36.) There are no additional allegations further exploring these relationships.

With the above allegations in mind, Defendants argue that "Plaintiff has failed to make factual allegations against any of [them] that could plausibly give rise to employer status." (Mot. at 2.) Instead of setting forth factual allegations, as they explain, "[t]he only allegations individually asserted against [them] are broad and conclusory statements." (*Id.*) In response, Plaintiff claims the Complaint contains "sufficient facts against all Defendants to put them fairly on notice of the claims against them." (Resp. at 3.) In particular, he argues the Complaint "allege[s] that each named Defendant is his employer under the FLSA." (*Id.* at 5 (citing Compl. ¶¶ 21, 25, 31, 33, 37, 41)). Without identifying how any single Defendant was his employer, he recites the *Bonnette* factors almost verbatim in his response, but without any elucidation, and points to the Complaint where they are similarly listed. (*See* Resp. at 5 (citing ¶¶ 24, 28, 32, 36, 42)). He also claims that alleging his dates of employment, job title, rate of pay, and facts concerning his duties and responsibilities while working for "Defendants" is sufficient. (Resp. at 5.)

After accepting as true all allegations that are not legal conclusions and considering the FLSA's expansive definition of "employer," the Complaint fails to allege that the movants employed Plaintiff. *Contra Bonnette*, 704 F.2d at 1470; *Iqbal*, 556 U.S. at 678 ("[W]e 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" (quoting *Twombly*, 550 U.S. at 555)). As illustrated above, there are no specific factual allegations outlining any employer-employee relationship between Plaintiff and *each* Defendant. *Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Instead of explaining his employment relationship with each Defendant, Plaintiff only baldly concludes one exists between him and "Defendants" *as a group.* In claiming otherwise, Plaintiff relies heavily on the ruling in *Kidner v. Moonshine Group LLC, et al.*, 2:14-cv-2362-SMM, Doc. 35 (D. Ariz. January 22, 2016). However, *Kidner* is distinguishable and does not stand for the proposition that merely reciting the *Bonnette* factors is enough to survive a motion to

dismiss. *Id.* To the contrary, there were enough factual allegations in *Kidner* to identify employer-employee relationships between Moonshine Group, LLC., Union Group LLC, and the individual plaintiffs. *Id.* at *4. These factual allegations made clear that all defendants owned and operated the Draft House where plaintiffs worked. *Id.* at *4-5. Because of these factual allegations, one could reasonably conclude, as the court found, that they were each plaintiff's "employers" under the FLSA. The same cannot be said in this case. Plaintiff's Complaint provides no factual allegations supporting the conclusory allegations that Defendants Tristate Logistics of Nevada, LLC, C&A Holdings, LLC, and The Bon Air Trust were Plaintiff's "employers."

Simply reciting the *Bonnette* factors, as Plaintiff does here, is not enough under Rule 8. *Iqbal*, 556 U.S. at 678. Relatedly, merely alleging an entity is an employer under the FLSA, as Plaintiff also does here, is also not enough. *Id.* Using the collective "Defendants" is similarly inadequate. *See Adams v. U.S. Airways, Inc.*, No. CIV-10-1088-PHX-DKD, 2011 WL 644089, at * 2 (D. Ariz. Feb. 11, 2011). While alleging employment dates, a job title, pay rate, and daily responsibilities while working for an employer may be adequate, the Complaint blankly alleges each of these things against "Defendants" as a group and fails to set forth any specific factual allegations concerning each Defendant. (*See* Compl. ¶¶ 14-16, 61.) Accordingly, the Court finds insufficient factual allegations showing each of the moving Defendants was Plaintiff's "employer."

## II. "Joint Employer" Liability Under the FLSA

As a general matter, "[i]f an individual is working for more than one company at a time, it is necessary to determine whether the individual's employers should be treated separately or jointly for purposes of determining employers' responsibilities under the FLSA." *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 916 (9th Cir. 2003). While the FLSA does not define "joint employers," the Department of Labor has promulgated regulations to guide the courts.[6] *See* 29 C.F.R. § 791.2(a) (1961). The regulations provide

---

[6] While the DOL recently updated this section on March 16, 2020, the new language does not impact this Court's decision and both parties refer to the former language. *See generally* 29 C.F.R. § 791.2 (2020).

in part that:

> Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situation such as:
>
> (1) Where there is an arrangement between employers to share the employee's services, as, for example, two interchange employees; or
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely dissociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under control with the other employer.

29 C.F.R. § 791.2(b)(1961) (footnotes omitted); *see also Bonnette*, 704 F.2d at 1469; *Chao*, 346 F.3d at 917-18. The last example "tells us that joint employment will generally be considered to exist when 1) employers are not 'completely dissociated' with respect to the employment of the individuals and 2) where one employer is controlled by another or the employers are under common control." *Chao*, 346 F.3d at 918; 29 U.S.C. § 791.2(a) (1961) ("A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the [FLSA] depends upon all the facts and the particular case.").

Both parties dispute whether Defendants should be treated as joint employers under the FLSA. Defendants argue that "Plaintiff's only attachment of liability for [them] is through joint employer allegations," (Reply at 3), and the "Complaint fails to make any specific factual allegations targeted at [them] giving rise to joint employer status." (Reply at 7.) On the other hand, Plaintiff claims he "properly alleges a horizontal joint employment relationship between Plaintiff and the Defendants," (*id.* at 5), because of one allegation in

his Complaint, which reads:

> At all relevant times, all Defendants were horizontal joint employers of Plaintiff and the Collective Members. At all relevant times: (1) Defendants were not completely dissociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members."

(Compl. ¶ 56.)

This language in the Complaint is directly imported from *Chao*, but Plaintiff has substituted "employer" with "Defendants" and "individuals" with "Plaintiff and the Collective Members" in his Complaint. *See Chao*, 346 F.3d at 918. Even ignoring the fact that the Complaint fails to allege that any Defendant is Plaintiff's employer, the Court would need specific factual allegations, not a recitation of the DOL regulations, concerning whether any of the Defendants should be treated as Plaintiff's "joint employers" under the FLSA. *See Chao*, 346 F.3d at 918.

### III.  **Leave to Amend**

Plaintiff does not request leave to amend his Complaint. However, in accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will give him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("leave to amend should be "freely" given "when justice so requires[]"). Plaintiff's amended complaint must address the deficiencies identified above. Plaintiff's amended complaint should follow the form detailed in Local Rule 7.1.

Within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supersedes the original complaint, *see Lacey v.*

*Maricopa County*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," L.R.Civ 15.1.

**CONCLUSION**

The Complaint fails to set forth specific factual allegations that Defendants Tristate Logistics of Nevada, LLC, C&A Holdings, LLC, and The Bon Air Trust were Plaintiff's "employers" or "joint employers" as it relates to the FLSA. Instead of doing so, the Complaint merely alleges conclusory and unsupported legal findings, which is insufficient under Rule 8. Therefore, the Complaint is dismissed as it relates to these Defendants with leave to amend.

Accordingly,

**IT IS ORDERED GRANTING** Defendants Tristate Logistics of Nevada, LLC, C&A Holdings, LLC, and The Bon Air Trust's Motion to Dismiss, (Doc. 18). The Complaint is dismissed with leave to amend under Rule 12(b)(6) as it relates to these three Defendants only;

**IT IS FURTHER ORDERED** that Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order. If a First Amended Complaint is not filed within thirty (30) days, the case will proceed against the remaining defendants only.

Dated this 18th day of March, 2020.

Honorable Susan M. Brnovich
United States District Judge